IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARIA BRENNAN,[1] | § | |
| | § | No. 8, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK17-02496 |
| JACKSON A. BUCKER, | § | Petition No. 19-29871 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: October 30, 2020
Decided: January 22, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The petitioner below-appellant, Maria Brennan ("the Mother"), filed this appeal from a Family Court order dismissing her petition for a rule to show cause. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

(2)     The Mother and the respondent-below appellee, Jackson A. Bucker ("the Father"), are the parents of a child born in 2008 ("the Child"). On September

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

16, 2013, the Family Court granted the parties joint legal custody and shared residential placement of the Child on a weekly basis. The order also provided, among other things, that the parties engage in counseling and that the Father could not rent rooms to any non-relative third party ("September 2013 Order").

(3) In 2015, the Mother filed a petition to modify the September 2013 Order in which she sought to reduce the time the Child spent with the Father. The Mother also filed a petition for a rule to show cause against the Father and a petition for a rule to show cause against the maternal grandmother. After a hearing, the Family Court ruled on all of the petitions in an order dated January 26, 2017 ("January 2017 Order").

(4) In the January 2017 Order, the Family Court denied the Mother's petitions for a rule to show cause and her request to reduce the placement of the Child with the Father from every other week to every other weekend. After reviewing the best-interest factors under 13 *Del. C.* § 722, the Family Court held that it was in the Child's best interest for shared residential placement on a weekly basis to continue. The Family Court ordered the parties to maintain joint legal custody and shared residential placement of the Child on a weekly basis. The January 2017 Order also required the parents to reengage in parenting counseling to work on their communication issues, but was silent as to the Father's ability to rent rooms.

(5) On October 21, 2019, the Mother filed a petition for a rule to show cause against the Father. She alleged that the Father was in contempt of the September 2013 Order because he was renting a room to a non-relative third party. The Father filed an answer and motion to dismiss the Mother's petition. He argued that the January 2017 Order was the operative custody order and that order did not limit his ability to rent a room to a non-relative third party.

(6) On December 10, 2019, the Family Court granted the Father's motion to dismiss. The Family Court held that the January 2017 Order, which did not limit the Father's ability to rent to a non-relative third party, superseded the September 2013 Order. This appeal followed.

(7) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] On appeal, the Mother argues that the September 2013 Order remained in effect because the Superior Court denied her motion to modify that order. She also emphasizes that the January 2017 Order, unlike the September 2013 Order, did not include a holiday schedule or require the parties to cooperate on school-related issues.

(8) Having carefully considered the parties' submissions on appeal and the Family Court record, we conclude that the Family Court did not err in finding that

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*

3

the January 2017 Order was the operative custody order.  The Family Court entered the January 2017 Order after holding a hearing and considering the best-interest factors under 13 *Del. C.* § 722.  The absence of a holiday schedule or provision requiring the parties to cooperate on school-related issues in the January 2017 Order did not make the September 2013 Order the operative custody order.  The January 2017 Order, which did not restrict the Father's ability to rent to a non-relative third party, superseded the September 2013 Order.[4]  The Family Court did not err in dismissing the Mother's petition for a rule to show cause.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[4] *See, e.g., Newman v. Newman*, 2016 WL 6996272, at *1 (Del. Nov. 29, 2016) (finding any issues related to a 2012 custody order were moot because that order was superseded by a 2013 custody order and 2016 custody order).